33 A.3d 518

IN THE MATTER OF SCOT D. ROSENTHAL, AN ATTORNEY AT LAW (ATTORNEY NO. 027611988).

January 6, 2012.

### ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 11–078, concluding on the record certified to the Board pursuant to *Rule* 1:20–4(f) (default by respondent), that

**SCOT D. ROSENTHAL** of **NORTH HALEDON,** who was admitted to the bar of this State in 1988, should be suspended from the practice of law for a period of one year for his unethical conduct in seven matters, including violation of *RPC* 1.1(a) (gross neglect), *RPC* 1.1(b) (pattern of neglect), *RPC* 1.3 (lack of diligence), *RPC* 1.4(b) (failure to keep client reasonably informed about the status of the matter), *RPC* 1.4(c) (failure to explain a matter to the extent reasonably necessary to permit the client to make informed decisions about the representation), *RPC* 1.5(a) (unreasonable fee), *RPC* 1.5(b) (failure to set forth the basis or rate of fee in writing), *RPC* 3.2 (failure to expedite litigation), *RPC* 8.1(b) (failure to cooperate with ethics authorities), *RPC* 8.4(c) (conduct involving dishonesty, fraud, deceit or misrepresentation), and *RPC* 8.4(c) (conduct prejudicial to the administration of justice);

And the Disciplinary Review Board having further concluded that on reinstatement to practice, respondent should be required to practice under supervision for a period of two years;

And **SCOT D. ROSENTHAL** having been ordered to show cause why he should not be disbarred or otherwise disciplined;

And good cause appearing;

It is ORDERED that **SCOT D. ROSENTHAL** is suspended from the practice of law for a period of one year and until the further Order of the Court, effective February 6, 2012; and it is further

ORDERED that prior to reinstatement to practice, respondent shall submit proof of his fitness to practice law as attested to by a mental health professional approved by the Office of Attorney Ethics, and that following reinstatement, respondent shall practice law under the supervision of a practicing attorney approved by the Office of Attorney Ethics for a period of two years, and until the further Order of the Court; and it is further

ORDERED that respondent comply with *Rule* 1:20–20 dealing with suspended attorneys; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.